The next case, number 22-1272, Jose Mauricio Figueroa v. Merrick v. Garland. At this time, would Counsel for Amici please introduce himself on the record to begin? Yes, good morning. May it please the Court, Cody Wofsy, ACLU for Amici. I'll be addressing the jurisdictional issues first, and then Mr. Warren will address the merits. I'd like to reserve two minutes for rebuttal, if the Court will permit. So, Guerrero sets out a simple rule. The application of legal standards to establish facts is a reviewable question of law under 1252A2D. And even the dissent in Guerrero recognized that this is a categorical holding. That principle really resolves the jurisdictional issue in this case, because the exceptional and extremely unusual hardship standard plainly is a legal standard. We're not talking here about the factual question of whether there is hardship. The IJ found that there was. We're asking whether that hardship rises to the legally required level. Now, the government's... Just under the way that this legal regime works, once it's been determined that it rises to that level, is there nonetheless discretion to deny? I'm sorry, Your Honor. You mean under the cancellation removal sort of... Yes, that's exactly right. Okay. So, when... What are the words we're looking for to know whether in denying, it was based on an understanding that although you met the threshold that would entitle you to the exercise of discretion, I'm nonetheless not exercising that discretion? Because one difficulty that arises in these cases is, well, what was the agency saying? Was the agency purporting to say, you didn't make the legal standard, so I have no discretion and therefore can't exercise it? Or was the agency saying, you're not entitled to the exercise of discretion even though you had it? Because, in fact, they're not usually all that clear as between the two. So what are we supposed to do in that circumstance? Yes, thank you, Your Honor. And certainly, you know, we recognize that there can be cases where it might be unclear what basis the decision is. I'd just like to clarify two things. So one is that, you know, the hardship standard is clearly in the statute and eligibility criterion. You have to meet the eligibility criterion. Excuse me, in the regulation in this case. Meet the eligibility criterion and then the exercise of discretion comes afterwards. And in this case, I think the record's very clear that this was an eligibility determination. And, in fact, the BIA here specifically said we're not going to reach the question of the ultimate exercise of discretion, whether to grant or deny relief, because we are affirming, the IJ, that there was no hardship as required as an eligibility determination. So I think here there's no problem. In other cases, there might be. So the government's primary response on this issue and distinction with Guerrero is to call this hardship determination discretionary. But that's really just a label and one that is obscuring the actual argument that's being made in our view. This is not the ultimate determination of discretion, whether to grant or deny relief. It's an eligibility criterion. And we understand the government to be saying that it's an eligibility criterion that, in its view, is a, quote, judgment call, and therefore should be deemed discretionary. And we have two responses, really, on that point. The first is there's nothing in Guerrero and nothing in 1252A2D that permits the drawing of a line between some legal standards that are reviewable and other legal standards that are not. But even if the court thought that there's some line to be drawn, the one that's being offered by the government doesn't work because the due diligence standard that was at issue in Guerrero itself requires substantial judgment. It, as the government explained in its own Guerrero briefing, involves weighing all the different facts and circumstances and then assessing whether reasonable diligence has been shown. It's a flexible, equitable, circumstance-specific inquiry that calls for substantial judgment. And how does Patel factor into this? Mr. Honor, we don't think Patel changes that at all. Patel was an interpretation of A2B1 and held that factual issues are barred, jurisdictionally barred. But when it comes to A2D and legal claims, it reinforced, actually, Guerrero, citing it in terms of the interpretation of A2D. And this court's recent decision in Al-Saddan reinforces that as well. And just to play out the logic of Patel, because there is the response in the dissent in Patel to the fact that a factual question comes to the BIA and then to us, really comes to us, as a legal question about substantial evidence. And yet it seems relatively clear from Patel that they mean to take, unless you disagree with this, factual questions, even though we would review them for substantial evidence, off the table. But if that's the case, is there some reason textually why that kind of legal inquiry into whether there's substantial evidence or a factual finding can't be reviewed, even though this can be when it's so fact-laden? Yes, Your Honor. I mean, I think that when we're talking about review of legal questions, obviously that's the standard of review that this court applies, is the substantial evidence standard. But the underlying issue that's being raised is a challenge to a finding of fact. Is it true or is it not true? And I think that what Patel teaches is when it comes to that kind of question, there is no jurisdiction to review that issue. But I think that this court can review any legal conclusion determination and legal challenges. And so I think that's what we would say about Patel. Thank you, Your Honor. Thank you, counsel. At this time, if counsel for the petitioner would introduce himself on the record to begin, he has a seven-minute argument. Good morning. Robert Michael Warren for the petitioner, Jose Mauricio Figueroa. If you may please the panel, Mr. Figueroa states that the panel accepts jurisdiction to review this mixed question of fact and law, as argued by my brother, Amiki. It must find the IJ and the board incorrectly found that the hardship did not rise to the level of exceptional extremely unusual hardship. And this is in the current case, which is slightly different than the other cancellation removal cases. Because in this case, we also look at the hardship to the petitioner or the applicant, not only to the qualifying relatives. So that, in a sense, Mr. Figueroa more than meets the seminal law cases in this relative to cancellation removal, Brasinas, Monreal, and Andazola, because we're also looking at hardship to the applicant. And in this case, the immigration judge did find hardship, and she actually said it was a close call whether he met the standard, but she said he failed to meet that standard. And with reviewing the facts in this case, we would see Mr. Figueroa, he had come here in 1988 when he was a young man. He's been here for 34 years. He's been married 40 years to his United States citizen wife, Maria Del Carmen Santos. They built a family here with five United States citizen children, four grandchildren. And the court's and the agency's determination would say we're going to send this person back to a country he hasn't seen since the 80s, during the Civil War. Mr. Figueroa's difference from the cases that we've cited here, Monreal, Brasinas, and Andazola, he also has the fear of violence that those cases did not address. Those respondents all were dealing with going back to Mexico. In this case, his cousin, Nelson Figueroa, was murdered three months after being deported from the United States. So while the board stated in quoting Andazola, the possibility of a crime is not a factor. Well, in this case, it's more than a possibility. It happened to his family. How long ago did that happen? That happened three months before, in 2017. And we had the hearing on this in 2018. So it was very recent in Mr. Figueroa's mind that that occurred. Also, Mr. Figueroa is now 72 years old. He's not in good health. He has high blood pressure, heart problems, arthritis, high cholesterol. His wife needs a double knee replacement surgery. But isn't that what you're doing? You're asking us to re-weigh what's really the province of the immigration judge. It's weighing of the evidence. Well, we're looking at the law as a standard of the law. So that's why we believe, as my brother argued, this court does have jurisdiction over this. But even assuming there's jurisdiction, the immigration judge doesn't have to, you know. The judge is weighing, and it's clear from the opinion, it's weighing all the positive factors, which there are many, and then weighs the other factors. And, again, this gentleman has, I believe, three convictions or criminal issues also. Well, Your Honor, that goes to discretion. That's not before the court. We don't believe the court can review those questions on discretion. And she also did not reach the issue. So the only relief you're seeking is to vacate. Is that right? Well, the relief here would be a remand to re-evaluate the application of the existing law for these facts. Undisputed facts, by the way. Yes, we'd be vacating. In other words, the case would be, if it's not going to be vacated, the board's decision and remand back for re-evaluation of, or as Judge Gelfi said, looking at the application of the law to the facts of the case. Now I'm confused. I thought all that would be left on remand would be the exercise of discretion. Well, if this court found that the facts met the law, yes, then we'd go back to discretion. Well, if we don't find that, what basis would there be for vacating and sending it back? Because then we would just be in agreement with the agency. What is that? Wouldn't we just be in agreement with the agency's determination? Your view is if the agency hasn't exercised discretion, it's just made an eligibility determination, right? That's the only issue before us is on the issue of exceptional hardship. Has the agency made a discretionary determination or just an eligibility determination? Just an eligibility. Okay, and you're saying the eligibility determination was incorrect, right? Correct. If you're wrong, we don't have any reason to remand. Well, that would be the issue, yes. What? That would be the only issue, is that what you're describing? Let me just finish this because I just want to make sure I understand what's going on here. The only way we remand is if they made an incorrect eligibility determination. Correct. Or is there some other? So what's left for them to determine other than the exercise of discretion if we remand? We will have determined the person's eligible. You would determine they're eligible and then the board would have to make the finding on discretion. So there'd be no law to fact application. There'd just be an exercise of discretion on remand. Well, the board did not reach a discretionary decision. Exactly. So on remand, all that would be left to do is exercise discretion. There'd be no law to fact to apply if we're remanding, correct? Right. I'm looking at the IJ's written decision, and at the end she says it's alternately in the court's discretion. I'm denying it. So didn't she reach a discretionary matter also? Well, that would be then addressed in, if it goes back to the IJ on the remand, then we would challenge the discretionary finding of the IJ to the board. You have no say in that. That would be just between us and the board. So we'd have to remand it back to the IJ on the eligibility issue. And that's because the board never reached the question? They didn't reach a discretion. They just cited the judge found that in the alternative, but they never found. There's no need to find discretion when you're dealing with eligibility issues. And she also did not make a finding in good moral character. So we'd have to go back. When the IJ makes a discretionary determination internally within the agency, what is the BIA's role with respect to the discretionary determination? No, what is the BIA's role with respect to a discretionary determination? They evaluate if there's abuse of discretion, see if the discretion was improperly. The negative equities outweigh the positive equities. So ultimately the BIA has to weigh in on the discretion, even though we can't review that judgment. So this would go back just to the BIA to review the discretionary matter then, not back to the IJ already made the finding. The BIA didn't touch it then. Well, the BIA could send it back to the judge with instructions regarding the eligibility question on exceptional, extremely unusual hardship. It could be sent back with instructions to the IJ saying, take another look at how you came to that determination. If it had a misapprehension about eligibility, that could have tainted the discretionary exercise. But that means the key thing is that, and what would you say is your best case for suggesting that you can win on eligibility? The best case is to show that Mr. Figueroa far exceeds the exceptional, extremely unusual hardship under the three cases. Not to far exceed it, just has to meet it. And I wanted to make one comment. In Mon-Royal. What's the best case you have that he meets the eligibility standard? Under Racinus, he clearly meets it, yes. I just want to say, Your Honor, Mon-Royal states the finding does not have to be unconscionable, the hardship. So this is, going along with what you're saying, would just be slightly above that standard. Thank you. Thank you. Thank you, counsel. At this time, would counsel for the government introduce himself on the record to begin? Good morning, Your Honors. My name is Beau Santin. I'm here today on behalf of the United States Attorney General. Today, the government is asking this court to do something it has done on many previous occasions, and that is find that it lacks jurisdiction over the agency's hardship determination within the context of cancellation of removal and to dismiss the petition for review. This court has found repeatedly that a hardship determination is a factual determination that is not subject to the limited judicial jurisdiction provision within the Immigration and Nationality Act. And Patel, recently the Supreme Court, has reinforced this court's reasoning. In Patel, the court there decided that the jurisdictional bar, which is at issue in this case, doesn't just simply go to the overall grant of the relief, but also any other determination within that overall determination if someone just needs relief or not. And so they even gave the example that cancellation or removal of hardship determinations is a discretionary and authoritative decision that is not subject to judicial review, notwithstanding a constitutional issue or question of law. You're making, it seems like you're making two different points. First point is it's discretionary, therefore we can't review it. And then you know the response to that, which is there's the discretionary element of it and then there's the eligibility aspect to it. They contend that the eligibility is not discretionary, that's just legal. You then seem to be saying as to that eligibility question, it's not legal, it's just factual. Is that right? And so, well, sorry for any confusion. What we're saying here is that the hardship determination is a discretionary determination. Okay, so what's your answer to their point that, yes, there's a discretionary element once you've decided whether they're eligible, but the determination of whether you're eligible for the exercise of discretion is a legal question. What's your answer to that? The statutory requirements, the four of them, right, each one has to be met. There's nothing that says, though, that in evaluating each one of those requirements, that those are questions of law. Okay, so now you're saying those are questions of what, discretion? Some questions of discretion. For example, in this case, we're arguing the hardship determination is a discretionary determination because unlike the Supreme Court case in Guerrero where there was a clear legal standard, equitable tolling, two elements hasn't been met. There is not a clear legal standard in this case to determine whether or not someone has met the hardship determination of exceptional and extremely unusual hardship. There is simply nothing out there. Instead, the agency has issued malleable guidance that allows immigration judges to look at a non-exhaustive list of factors in determining whether or not hardship has been met. There is no hard and fast rule that says if you show X, Y, and Z, you have shrewd hardship in this case. It simply does not exist. They have failed to point to any sort of hard and fast rule. So is it true that there are two steps to the inquiry on the government's view, a determination of whether you've met the criteria and then whether discretion should be exercised in your favor? Yes, you must determine, yes, if there's four elements. But you're saying both aspects of that are equally discretionary? Well, we're saying within the four elements, the hardship determination is a discretionary determination, yes. They are overlapping. Discretion is overlapping between these two requirements. And this is only because there isn't hard and fast guidance to match it against? That that's what makes it discretionary? That's what makes it discretionary is that there is no clear legal standard because the Supreme Court made clear that there had to be a clear legal standard that we apply to undisputed facts. And there is no clear legal standard here. Couldn't that just be because the agency never understood what the statute required? That's why they never set those? Well, the statute is absolutely silent as to what it takes to show exceptional and usually hardship. It simply is absolutely silent to that. Instead, the agency issued guidance. Isn't that true, for example, with, and I don't mean to get too far afield, but the definition of persecution? And yet we have, you know, lots of agency rulings that provide guidance. Well, here in this case, the statutory jurisdictional bar doesn't apply to asylum cases. It only applies in this context within cancellation of removal cases. So it's within that context that we have to consider whether or not the hardship determination is before the courts. You seem to be claiming that something about the nature of the hardship inquiry defies judicially manageable standards or something like that. Is that the idea? That is exactly right, Your Honors. And what do you do about the fact that when we review for injunctive relief, preliminary injunctive relief, one of the things we look at is hardship? Well, we review that all the time. Well, it's a different type of hardship. Yeah, but so the question is how do we know statutorily when they use that phrase there, Congress, right? It's Congress's word. How do we know Congress meant it to be a word that would defy judicial review? Usually we look for triggers. Like if we apply the general standard like in Webster v. Doe for when we say committed to agency discretion by law, we look at things like to be determined by the agency, things that signal that it's for the agency. We don't have anything like that here. We just have a word, and it's not an unheard-of legal word, hardship. So how do we – why would we come to the conclusion that – plus isn't there a presumption that things are reviewable? I would respectfully disagree that Congress actually did make clear that this hardship determination – The question, I thought, was whether it made clear that it was discretionary because we presume that the words in its statutes are reviewable by courts, not that they aren't. Well, Congress made clear that any judgment relating to the granting of cancellation of removal is beyond this court's jurisdiction except for questions of law or constitutional issues. Yeah, so how do we know this is not a legal question? So then in Patel, the Supreme Court addressed this particular issue, right, and said that any other authoritative decisions within the granting of that relief is also beyond the jurisdiction of this court. And so for it to find that this court could review these factual findings as a legal issue would eviscerate the statutory jurisdictional bar to reviewing the granting of relief and those authoritative decisions that helped the agency arrive at the denial of the ultimate granting of relief. And so ultimately, if we are to have any meaning to the statute, we can't all of a sudden take what is essentially – it is a factual determination and decide to throw a new label on it and call it a mixed question of law. Well, let me just give you this. Suppose the agency has authoritative agency precedent about what the standard is for exceptional hardship. And then suppose it, in an unreasoned way, disregards it. Would that be reviewable? In this case – I didn't ask about this case. So assuming – first of all, there is no clear-cut rule when it comes to cancellation of removal. And if there was a clear-cut standard, then the court could look to see how that was applied to the undisputed facts. But that is not the case here. There is no clear standard. This is more analogous to the decision this court decided in Doar, where it was looking at how to define particularly serious crimes. Same sort of situation as cancellation of removal. There is no bright-line rule of what a particular serious crime is. Instead, the board has issued a decision, matter of protesto, where it identified a series of factors that should be considered deciding whether or not – So that's not reviewable either? That is discretionary determination. That is not reviewable unless a question of law or a constitutional issue is raised. Because if you look at Doar, the court even says as much. But it reviews it because it says it can review the adequacy of the agency's reasoning in applying – in determining whether or not a particular serious crime has been concluded. Well, ultimately, the court said it could review the adequacy, and it found that the reasoning was inadequate in that case. But ultimately, it did not reach the question of whether or not the agency was incorrect in deciding the determination of whether or not it was a particular serious crime in that case. And the court reiterated in that decision that it did not have jurisdiction to do so because that is a purely discretionary determination. That doesn't have a clear legal standard. Instead, it has the same thing that we have in this case. We have a malleable standard, malleable guidance that has been set forth by the agency. And they make it very clear in the similar case, Monreal, that – So just let me understand what the government is saying here. So just to take an example, suppose the petitioner makes his claim for meeting exceptional hardship, and he says, I have a terminal illness, so does my wife. They will not be able to care for themselves if I leave, and it's going to be impossible for me to get care abroad. And suppose the agency said, okay, well, that's a good thing for you, not a bad thing. So obviously, it doesn't count as hardship. Would that be reviewable? That would not be reviewable. Even if the agency said something as ridiculous as to say that was a good thing for you, not a bad thing? You have to review it on a case-by-case basis. I'm asking the government that question. Yes. Would that not be reviewable either? That is absolutely not reviewable because that is a weighing of the facts, right? And that is the ultimate discretionary determination that is committed to the agency. Well, then what – I didn't understand what you were saying then about Doar because Doar said that we could review the adequacy of the reasoning. That seems like ridiculous reasoning. Well, in Doar, what they had found there in terms of the adequacy of the reasoning, they have found that there was no real explanation by the board there in determining whether or not there was a particular serious problem. But if they give a patently absurd explanation, that we have to defer to? We just don't review that? Well, there are plenty of cases that this Court has found that it can't review the weighing of factual determinations in this case. Okay. So let me – last question here. Does the government take the view then that they at least have to give an explanation in this context? Or is that not reviewable either? The Court can determine whether or not that the agency correctly circulated the legal standard and how it applied that legal standard, but it can't review on the ultimate conclusion of that legal standard. And that's what they've done in Doar as well. So the same thing. We can review the reasoning, see whether or not it's adequate, but we're not going to find whether or not it actually exceeds or, excuse me, meets the standard of a particular serious crime. And that's what's happening here is that this hardship determination is something that's fungible. Right? It literally, as the Board says, changes case from case from case. Every case must be reviewed on its own merits. All we can do is provide guidelines to help immigration judges review this. And the Board, in issuing this decision, also acknowledged that immigration judges could look at the same fact pattern and reach different conclusions because it is so fact-extensive and there is no clear, bright line. And ultimately, Congress entrusted the agency to make this factual determination, to make this discretionary determination. And there is no basis to all of a sudden claim that this is now a legal question. And the opposing counsel doesn't actually explain how the underlying factual determinations are really any different than the conclusion of someone meeting the exceptional and unusual hardship standard. Could you come up with a hypothetical where we would be able to review and have jurisdiction to review? So, for example, they could claim that there was the Board, at least in this case, they're arguing that the Board articulated the wrong standard, applied the wrong standard, didn't look at the particular hardships. They claim that they ignored their seminal cases. But you actually looked at decisions. Both the Board and immigration judge cited those cases. Now, are you saying they did make those arguments? Yes. And are you saying those are reviewable or they're just wrong on the merits? Well, first, they couch it as a legal question. But Judge Helpe's question to you was, is that reviewable? If they say you didn't rely on your seminal cases, is that reviewable or not? Yes, that's a legal question, asking whether or not they applied. It's a procedural issue. What you're saying is the agency applies the right process, then no discretion to review the substance of the decision. But if the agency makes a mistake or doesn't follow the precedent, the examples you're giving, that we can review and send back. Yes, Your Honor, you summed it up correctly. That is exactly what's happening. And so is your understanding that we then do have review over certain aspects of their challenge? To an extent, because they claim that they did not follow the legal process, did not follow their seminal cases. But as we point in our brief, that they did cite those cases. They discussed those cases. And based on the case law of the circuit, cursory citation to the seminal cases is more than sufficient to show that they correctly applied this legal guidance. And that is no different in this case. But even setting aside, you can say they didn't cite any of these cases, which isn't the case, of course. But you can see how their legal reasoning correctly applied the legal precepts within those legal cases. You go to the immigration's decision on page 44. He goes through all the factors they claim he ignored. They looked at the hardship to the petitioner. They looked at his age. They looked at his health. They looked at the adverse country conditions within El Salvador. Then they looked at the hardships of his wife. They noticed that they were married for 40 years. But they also pointed out that she's employed. That when he was sick and was unable to work for six months, she was able to pay the bills just fine. And so the agency went through each one of these factors and concluded, ultimately, that this did not show unusual hardship to petitioner or petitioner's wife. And so there was not a misapplication of the law. There was not a mistake of how this law was supposed to be applied. Instead, the agency correctly noted the seminal cases. Then, within those cases, looked at the factors that were relevant and ultimately concluded that in an exercise of discretion, they did not meet the hardship requirements. And that is a purely factual determination that this court lacks jurisdiction to review. Thank you. Thank you. For all these reasons, please dismiss the petition for review. Thank you, counsel. At this time, attorney for the amici, please introduce yourself back on the record. You have a two-minute rebuttal. Thank you. Cody Woff, CACLU for amici. A few points. So the government relied on Patel and suggested that Patel had endorsed its view of the hardship standard. That's incorrect. The relevant discussion is at 1621 through 22. And what the court's doing is describing the government's position in Patel. It then goes on to reject that petition. So, you know, with respect, I think that's just a misreading of the case. Second, the government tries to distinguish between the diligence standard and the hardship standard. It says the diligence standard is a clear legal standard, sort of an on-off switch, I guess, on the government's view. I'd encourage the court to take a look at the Holland case from the Supreme Court, which describes how due diligence works. But just the practical point that's underlying the government's position, if I get it, is that exceptional hardship is a little bit in the eye of the beholder. How are we supposed to, I mean, what are we supposed to do? And how won't it just inevitably dovetail with the exercise of the discretion that occurs after it's been met? I think that's the basic force of it. And they say due diligence is, you know, comes up in a thousand different contexts and doesn't have this secondary discretionary aspect afterwards. But if you meet it, it's met. There's no discretion to then say, oh, I don't care anyway. Certainly there are a couple of responses on that. So the first is, you know, the statute itself, or here the regulation, divides between the eligibility criteria and the discretion. And so I don't think that it makes sense to kind of collapse those into one discretionary question. That's not how Congress set it up. That's not how the regulation sets it up. Obviously, if the agency wants to ultimately exercise its discretion, it can say that and do that. But I don't think that's a reason to not review the eligibility criteria if that's what the agency rests on. The second is, contrary to the government's view, there's actually quite a lot of law to apply when it comes to the hardship determination. There's the text of the statute and regulation itself, which sets out a specific standard, as the Fourth Circuit noted. There's also legislative history for the statute, which, you know, the regulation is interpreted in line with, which explains how that standard was expected to be applied. And then most importantly, there is precedential BIA opinions that authoritatively interpret what that standard means, applies it in a variety of specific contexts. And that's not unlike a lot of other standards. Just before you, on that last point, are you relying, for your argument, on anything other than a claim about what the BIA itself has defined it to be? In terms of what the court would be applying? Yes. Yes, I do think that there's both. I think the court can answer. Let me ask you a different way. Yeah, sorry. Are you making an argument that the BIA's, say for this decision, the BIA's description of it is inconsistent with the statute? The BIA's description, interpretation of the, yes, no. We're not. And then is your claim then only that the BIA here, in an unreasoned way, didn't apply its own standard? I think that's basically correct. Here's how I guess I would say it. And I guess because if I'm understanding that, if I heard the government right, they weren't even disputing that we have jurisdiction over that kind of argument. They were just disputing the merits. And now I'm trying to figure out what actually is dividing the two of you. Yeah, thank you, Your Honor. So as I understand the government's position, it's that the court can review basically whether the BIA said the standard correctly, laid it out correctly. And as Your Honor pointed out, that's what Guerrero said, that can't be enough because then the agency can just, you know, radically misapply the law as long as it sort of parrots the correct standard. That's what I understand the government to be saying is permissible. What we're saying is the court can look at the actual application of that standard to this particular set of facts. And I do think that's heavily going to rely on BIA precedence. And, you know, in this context, obviously, the agency is going to have the authority to interpret the words of the statute in the first instance, presumably be entitled to Chevron deference. That's not what any of this is about because this isn't a published opinion. But the question is going to be whether this constellation of facts, given the text of the statute, the legislative history, the board's opinions, rises to the level of hardship that's required as interpreted. I hope that answers the court's question. Thank you.